IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN D. BRANNON, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-4055 |
| | § | |
| BP AMERICA PRODUCTION | § | |
| COMPANY, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Stay of Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation ("MDL") ("Motion for Stay") [Doc. # 3] filed by Defendant BP America Production Company ("BP"). Plaintiffs neither filed any opposition to the Motion for Stay nor requested additional time to do so. Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.3, 7.4. Nonetheless, the Court has considered the full record and the relevant legal authorities. The Court **grants** the Motion to Stay.

This case is one of many state and federal lawsuits arising out of contracts stemming from BP's federally required and directed clean-up efforts through the Vessels of Opportunity ("VoO") program instituted following the explosion and fire on the Deepwater Horizon drilling rig on April 20, 2010. Indeed, it appears there are

approximately sixteen similar lawsuits relating to the VoO program that have been transferred and consolidated into MDL 2179, *In re Deepwater Horizon Incident Litigation*. On December 7, 2011, the Judicial Panel on Multidistrict Litigation conditionally transferred this case into MDL 2179. BP seeks a stay of this lawsuit until the Judicial Panel on Multidistrict Litigation ("Panel") decides any objections to the conditional transfer.

The Court has inherent power to stay proceedings. *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936); *BarTex Research v. FedEx Corp.*, 611 F. Supp. 2d 647, 649 (E.D. Tex 2009). When deciding whether to grant a stay, the Court weighs competing interests and balances competing hardships. *See Cajun Offshore Charters v. BP Prods. North Am.*, 2010 WL 2160292, *1 (E.D. La. May 25, 2010); *Mathis v. Bristol-Myers Squibb Co.*, 2003 WL 1193668, *1 (E.D. La. Mar. 12, 2003). Specifically, the Court considers (1) the potential prejudice to Plaintiffs from a brief stay; (2) the hardship to BP if the stay is denied; and (3) the judicial efficiency in avoiding duplicative litigation if the Panel grants BP's motion. *See Cajun Offshore*, 2010 WL 2160292 at *1.

In this case, the Court finds that Plaintiffs will not suffer great prejudice if the brief stay is granted. The stay should be in effect for no more than a few months. Although Plaintiffs have a pending motion to remand, that motion can be decided

promptly by the MDL Court if the case is ultimately transferred or by this Court if final transfer to the MDL is ultimately denied.

The Court finds that BP may suffer significant hardship if the stay is denied. BP faces a significant risk of inconsistent pretrial rulings by different courts if there is no stay in effect until the Panel issues its final decision.

The savings in time and expense to the judiciary and the parties will clearly be enormous if the many related cases are consolidated in a single MDL proceeding.

Based on the Court's consideration of the record and the relevant legal authorities, and on Plaintiff's failure to file any opposition to the Motion for Stay, it is hereby

**ORDERED** that the Motion for Stay [Doc. # 3] is **GRANTED**. This case is **STAYED AND ADMINISTRATIVELY CLOSED** pending a decision by the Panel regarding whether to transfer this case to be consolidated into *In re: Deepwater Horizon Incident Litigation*, MDL-2179. Counsel shall file a written notice with this Court advising of the Panel's decision.

SIGNED at Houston, Texas, this **11th** day of **January, 2012**.

Nancy F. Atlas
United States District Judge